UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PEPPERCO-USA, INC.<br>220 N. Fillmore Road<br>Coldwater, MI 49036<br><br>             Plaintiff<br><br>v.<br><br>THOMAS E. PEREZ, Secretary<br>United States Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC 20210<br><br>PORTIA WU, Assistant Secretary<br>Employment and Training Administration<br>United States Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC 20210<br><br>WILLIAM THOMPSON, Acting Administrator<br>Office of Foreign Labor Certification<br>United States Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC 20210<br><br>             Defendants | Civ. No.<br><br>**COMPLAINT FOR**<br>**MANDAMUS AND**<br>**DECLARATORY**<br>**JUDGMENT** |

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

Plaintiff, PEPPERCO-USA, INC., through undersigned counsel, files the instant Complaint against Defendants, THOMAS E. PEREZ, Secretary, U.S. Department of Labor; PORTIA WU, Assistant Secretary, Employment and Training Administration, U.S. Department of Labor; and WILLIAM THOMPSON, Acting Administrator, Office of Foreign Labor Certification, U.S. Department of Labor, as follows:

**I. PREFATORY STATEMENT**

1. This is an action to compel the Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a determination on a Form ETA 9142A Application for Temporary Employment Certification ("H-2A Application"), which was

perfected by the Plaintiff, Pepperco-USA, Inc., on February 9, 2016 via the timely filing of a response to Notice of Deficiency with the U.S. Department of Labor's Office of Foreign Labor Certification ("OFLC"). Applicable statutes and U.S. Department of Labor ("DOL") regulations require that applications for foreign workers in the H-2A visa category be adjudicated by DOL within an extremely narrow timeframe, precisely because of the nature of the employment at issue in H-2A visa applications—seasonal agricultural work. Defendants have repeatedly failed to comply with applicable timeframes.

2. While Plaintiff's unharvested crops literally rot on the vine, Defendants continue to unlawfully withhold action on Plaintiff's pending H-2A Application, which remains within Defendants' jurisdiction.

3. Defendants' inaction on Plaintiff's H-2A Application is contrary to law and detrimental to the rights and privileges of the Plaintiff and its business operations. Therefore, Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on Plaintiff's pending H-2A Application without further unreasonable delay. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004) ("[W]hen an agency is compelled by law to act within a certain time period … a court can compel the agency to act.").

## II. JURISDICTION

4. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

5. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq.*, and the Code of Federal Regulations make it clear that OFLC has a mandatory and affirmative duty to adjudicate a properly filed Form ETA 9142 Application for Temporary Employment Certification. 8 U.S.C. § 1188; 20 C.F.R. §§ 655.140-143, 655.160.

6. No provision of law deprives this Court of jurisdiction over this action. Through this Complaint, the Plaintiff is not challenging a decision on its H-2A Application, as no decision has yet been made. Rather, the Plaintiff seeks an order compelling the Defendants to take action. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D. Mich. 2007); *Intermodal Techs., Inc. v. Mineta*, 413 F. Supp. 2d 834 (E.D. Mich. 2006) ("To obtain relief under section 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act.").

7. The APA also requires DOL to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time or violates statutory deadlines, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to act. 5 U.S.C. § 706(1) (conferring power on the U.S. district courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"); *Forrest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1998) (holding that when an agency fails to act by a "statutorily imposed deadline," the action has been "unlawfully withheld" and the court has no choice but to

compel the agency to act). Defendants' repeated failures to comply with statutory and regulatory deadlines amounts to unlawful withholding of agency action.

8. In addition to mandamus jurisdiction, this Court has jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare the Defendants' failure to act on the Plaintiff's H-2A Application to be arbitrary and capricious and a violation of the INA, the federal regulations, and the APA. *See Michigan Head Start Directors Assoc. v. Butz*, 397 F. Supp. 1124, 1137 (W.D. Mich. 1975).

9. Finally, exhaustion of available administrative remedies is not required. Courts cannot require a Plaintiff to exhaust administrative remedies where, as here, exhaustion is not expressly required by statute or agency rule. *Darby v. Cisneros*, 509 U.S. 137, 153 (1993). The regulation governing administrative appeals of H-2A applications is 20 C.F.R. § 655.171, which provides that "employers *may* request an administrative review or de novo hearing before an ALJ of a decision by the [Certifying Officer]." 20 C.F.R. § 655.171 (emphasis added). On its face, the regulation applies only after the agency has rendered a "decision." *Id*. Here, the agency has failed to render any decision, thus the condition precedent for pursing an appeal to an ALJ has not occurred. Moreover, the regulation permits—but does not require—the employer to file an administrative appeal. For a regulation to mandate exhaustion, the regulatory language must be explicit. *See, e.g., Shawnee Trail Conservancy v. USDA*, 222 F.3d 383 (7th Cir. 2000) (exhaustion mandatory where regulation states that federal district court review would be premature unless plaintiff exhausted administrative remedies); *United States v. Menendez*, 48

F.3d 1401, 1412 n.15 (5th Cir. 1995) (identifying statutes that may impose a mandatory exhaustion requirement.).[1]

### III. VENUE

10. Venue is proper in this district under 28 U.S.C. § 1391(e), because this is an action brought in the district where the Plaintiff resides and no real property is involved in the action.

### IV. PARTIES

11. Plaintiff, PEPPERCO-USA, INC. ("Pepperco") is a Michigan corporation that grows and sells peppers. Pepperco is a located in the Township of Coldwater, Michigan. Pepperco was established in 2014.

12. The Defendant THOMAS E. PEREZ is Secretary of the U.S. Department of Labor. This suit is brought against Secretary Perez in his official capacity, as he is charged with overseeing the adjudication of H-2A applications for temporary employment certification.

13. The Defendant PORTIA WU is Assistant Secretary of the Employment and Training Administration within the U.S. Department of Labor. This suit is brought against Assistant Secretary Wu in her official capacity.

14. The Defendant WILLIAM THOMPSON, Acting Administrator, Office of Foreign Labor Certification within the U.S. Department of Labor. This suit is brought against Acting Administrator Thompson in his official capacity.

---

[1] Even if there were a plausible argument that exhaustion is required under the H-2A statutory and regulatory scheme, settled law provides for waiver of exhaustion requirements where the delay for administrative action would cause the plaintiff irreparable injury. *Smith v. Illinois Bell Tel. Co.*, 270 U.S. 587, 591-92 (1926) (claimant "is not required indefinitely to await a decision of the rate-making tribunal before applying to a federal court for equitable relief"); *Bowen v. City of New York*, 476 U.S. 467, 483 (1986) (disability benefit claimants "would be irreparably injured were the exhaustion requirement now enforced against them"). Likewise here, for reasons explained in the Plaintiff's accompanying Motion for Preliminary Injunction.

## V. FACTS AND PROCEDURAL HISTORY

### A. Overview of H-2A Seasonal Agricultural Worker Program Application Process

15. The H-2A temporary agricultural program, a creature of 8 U.S.C. § 1101(a)(15)(H)(ii)(a), allows agricultural employers who anticipate a shortage of domestic workers to bring nonimmigrant foreign workers to the United States to perform agricultural labor or services of a temporary or seasonal nature. Employment is of a seasonal nature where it is tied to a certain time of year by an event or pattern, such as a short annual growing cycle, and requires labor levels above what is necessary for ongoing operations. 20 C.F.R. § 655.103(d). Employment is of a temporary nature when the employer's need to fill the position with a temporary worker will, except in extraordinary circumstances, last no longer than 1 year. *Id*.

16. H-2A petitions cannot be approved unless the petitioner has applied to DOL for certification that

    (A)    there are not sufficient workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services involved in the petition, and

    (B)    the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1188(a)(1). The procedures by which DOL acquires information sufficient to make these certifications are set forth at 20 C.F.R. §§ 655.100 – 655.235.

17. Following compliance with certain pre-filing procedures set forth at 20 C.F.R. §§ 655.120-655.122, an agricultural employer who seeks to hire H-2A foreign agricultural workers must apply for certification under 8 U.S.C. § 1188(a)(1) from the U.S. Secretary of Labor by filing Form ETA 9142A, Application for Temporary Employment Certification. 20 C.F.R. § 655.130. The form requires the employer to disclose the nature and duration of the needed

employment, its efforts to recruit U.S. workers, as well as information about the employer, the job offer, and the salary. *See* Form ETA 9142A, *available at* https://www.foreignlaborcert.doleta.gov/pdf/ETA_Form_9142A.pdf (last visited Mar. 23, 2016). Pertinent to this action is the timeline for rendering labor certification determinations, which is discussed in detail below. *See* ¶¶ 21 - 23.

18. The proper filing of an Application for Temporary Employment Certification triggers a mandatory duty on the part of an OFLC Certifying Official to review the application for compliance. 20 C.F.R. § 655.140. If compliant, the official will issue a Notice of Acceptance, see 20 C.F.R. § 655.143, and if post-acceptance requirements are met, the official will either grant or deny the application. 20 C.F.R. § 655.160.

19. If the DOL approves Form ETA 9142A, the employer may then file Form I-129 Petition for a Nonimmigrant Worker with U.S. Citizenship and Immigration Services (USCIS), to petition for alien beneficiaries to come temporarily to the United States as nonimmigrant workers to perform services or labor.

20. After USCIS approves Form I-129, prospective H-2A workers who are outside the United States must either apply for an H-2A visa with the U.S. Department of State at a U.S. Embassy or Consulate abroad and then seek admission to the United States from U.S. Customs and Border Protection ("CBP") at a U.S. port of entry, or they may directly seek admission at a U.S. port of entry.

**B. H-2A Temporary Labor Certification Adjudication Timeline**

21. Congress designed the H-2A temporary labor certification process to be completed in an expeditious manner. The DOL requires that H-2A temporary labor certification applications be filed no more than 45 days prior to the date the employment is needed, 8 U.S.C. §

1188(c)(1), and DOL must issue the requested certification to eligible applicants at least 30 days prior to the date of need. 8 U.S.C. § 1188(c)(3)(A). In essence, the law contemplates that the entire H-2A certification process will occur within a 15-day period. *Int'l Labor Mgmt. Corp. v. Perez*, No. 1:14-cv-00231, 2014 U.S. Dist. LEXIS 57803, at *7 (M.D.N.C. 2014).

22. Once an H-2A temporary labor certification application is filed, "[t]he employer shall be notified in writing within seven days of the date of filing" if it is deficient. 8 U.S.C. § 1188(c)(2)(A).[2] If a Notice of Deficiency is issued, the employer must be afforded an opportunity to correct any deficiencies, and if the application is corrected within five days, the otherwise applicable timeframes remain unchanged except that the DOL is no longer subject to the 30-day timeframe for certification. 20 C.F.R. §§ 655.141(b)(2), 655.142(a), 655.160.

23. If the Certifying Officer determines that the application is complete, regulations require that the Certifying Officer notify the employer within seven calendar days of receipt of the application. 20 C.F.R. § 655.143(a). The notice must, among other things, "direct the employer to engage in positive recruitment of U.S. workers …." 20 C.F.R. § 655.143(b)(2).

**C. Plaintiff's H-2A Application**

24. Plaintiff's H-2A Application, which specified that Plaintiff-Employer needed seasonal agricultural workers beginning on February 1, 2016, was submitted to Defendants on or about December 11, 2015. *See* Exhibit ("Exh.") A (H-2A Application). In the ordinary course, Plaintiff should have received certification no later than January 2, 2016—at least 30 days prior to the date of need. 8 U.S.C. § 1188(c)(3)(A).

25. On December 18, 2015, which was the regulatory deadline for DOL to issue a Notice of Deficiency or Notice of Acceptance, Plaintiff, in good faith and in response to a

---

[2] An example of a deficiency could be the employer's failure to provide an original signature on the application. *See* 20 C.F.R. § 655.130(d).

8

specific request from Defendants, consented to a waiver of two deadlines: (i) the agency's seven-day deadline for issuing a Notice of Deficiency, 20 C.F.R. § 655.141; and (ii) the deadline requiring DOL certification no later than 30 days prior to the date workers were needed. 20 C.F.R. § 655.160; Exh. B (email correspondence from Deborah Greenfield to Senator Carl Levin, dated December 18, 2015). In written communications with Plaintiff, Defendants pledged to "endeavor to finish [their] examination of [Plaintiff]'s application by mid-January," although Defendants did not guarantee a specific outcome of their review. Exh. B.

26. Defendants failed to comply with their stated goal of completing the examination of Plaintiff's H-2A Application by mid-January 2016. In fact, Defendants did not take adjudicatory action until February 2, 2016—and when they did, they issued a Notice of Deficiency that caused further delay. Exh. C (Notice of Deficiency dated Feb. 2, 2016).

27. On February 9, 2016, Plaintiff timely filed its response to the Notice of Deficiency, triggering, once again, Defendants' regulatory obligation to issue a Notice of Deficiency or Notice of Acceptance within seven calendar days. 20 C.F.R. §§ 655.141(a), 655.123(a); Exh. D (Response to Notice of Deficiency dated Feb. 9, 2016). Once again, Defendants failed to comply with their regulatory deadlines. In fact, Defendants *still* have not taken adjudicatory action on the modified H-2A Application that Plaintiff submitted on February 9, 2016.

28. Plaintiff has not consented to a second waiver of the agency's regulatory deadlines. 20 C.F.R. §§ 655.141(a), 655.123(a).

29. Plaintiff's H-2A Application has been pending for 110 days and counting. As Defendants have persistently failed to comply with their statutory and regulatory deadlines, Plaintiff continues to suffer serious harm to its crop and its business operations.

9

## VI. CAUSE OF ACTION

30. Plaintiff incorporates by reference the allegations of paragraphs 1 - 29 of the Complaint as if fully set forth herein.

31. The DOL shall grant temporary labor certification to applicants who satisfy the statutory and regulatory requirements set forth at 8 U.S.C. § 1188 and 20 C.F.R. § 655.161. An applicant must establish that there are not sufficient U.S. workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services, and that the employment of the alien in such labor will not adversely affect the wages and working conditions of U.S. workers. 8 U.S.C. § 1188(a).

32. Approval of a properly filed Form ETA 9142A Application for Temporary Employment Certification by an employer whose application satisfies 8 U.S.C. § 1188(a) is a purely ministerial, non-discretionary act for which DOL has exclusive authority and responsibility. *See* 8 U.S.C. § 1188(a); 20 C.F.R. §§ 655.101, 655.160.

33. The statute and regulations require that H-2A applications be adjudicated expeditiously. 8 U.S.C. §1188(c); 20 C.F.R. §§ 655.140 – 655.143, 655.160.

34. The Plaintiff's H-2A Application was submitted to Defendants on or about December 11, 2015. *See* Exh. A. Defendants did not take adjudicatory action until February 2, 2016—and when they did, they issued a Notice of Deficiency, resulting in further delay. Exh C. Plaintiff promptly responded on February 9, 2016. At that point, by law, Defendants should have made a determination on Plaintiff's H-2A Application no later than February 18, 2016. Forty one days after the expiration of their own regulatory deadline, Defendants continue to withhold adjudication.

35.     Plaintiff has acted in good faith. Plaintiff consented to waiver of the deadlines at 20 C.F.R. § 655.141 and 20 C.F.R. § 655.160 in anticipation that the agency would, in fact, complete adjudication as indicated by mid-January. Exh. B. When the DOL failed to meet its stated mid-January deadline and then issued a Notice of Deficiency, Plaintiff responded immediately and comprehensively. Exh. C. To date, Defendant persists in unlawfully withholding adjudication of Plaintiff's long-pending H-2A Application.

36.     Plaintiff is understandably eager to receive a decision on its H-2A Application. The delay in these proceedings has had a severe financial and reputational impact on the Plaintiff's business. Plaintiff is unaware of any reason why its H-2A Application should not have been approved within the applicable statutory and regulatory timeframes.

37.     Through this complaint, Plaintiff is not challenging a decision on its H-2A Application; rather, Plaintiff complains only that the DOL has failed to render *any* decision. Plaintiff thus seeks to compel Defendants to make a determination under 20 C.F.R. § 655.140. The relief sought is not discretionary, but is by definition a mandatory duty. *See* 20 C.F.R. § 655.140. *See, e.g., Int'l Labor Mgmt Corp. v. Perez*, No. 1:14-cv-00231, 2014 U.S. Dist. LEXIS 57803, at *22 (M.D.N.C. 2014).

38.     Plaintiff has met all filing requirements for Form ETA 9142A and has responded promptly and comprehensively to Defendants' Notice of Deficiency. Plaintiff's H-2A Application is *prima facie* eligible for issuance of a Notice of Acceptance. Nonetheless, owing to Defendants' unreasonable delay and unlawful withholding of agency action, Plaintiff has had to wait well beyond the statutory and regulatory deadlines for adjudication of its application. This unreasonable, unlawful, and ongoing delay is approximately 41 days beyond the DOL's own regulatory deadline. *See* Exh. B.

39. As Plaintiff is suffering a continuing harm owing to the delay and Defendants have repeatedly disregarded their regulatory deadlines, there exists no other adequate remedy than the filing of this Complaint. Thus, Plaintiff requests that the Court assume jurisdiction and compel Defendants to render a decision under 20 C.F.R. § 655.140 without further unreasonable delay.

## VII. <u>CLAIMS</u>

40. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Banks v. Secretary of Ind. Family and Social Servs. Admin.*, 997 F.2d 231, 244-45 (7th Cir. 1993); *see also In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993). Plaintiff meets these criteria.

41. First, Plaintiff has a clear right to the relief requested, as it has fully complied with all the statutory and regulatory requirements for seeking temporary labor certification, having submitted all necessary documentation including a comprehensive response to Defendants' Notice of Deficiency. Exhs. A, C; 20 C.F.R. §§ 655.130, 655.140 - 655.143. Defendants have willfully and unreasonably failed to adjudicate Plaintiff's H-2A Application for more than 30 days and counting beyond the explicit regulatory timeframe, thereby depriving Plaintiff of its rights to have a properly filed H-2A Application adjudicated under the timeframes prescribed by law.

42. Second, Defendants have a clear duty to act upon and adjudicate Plaintiff's H-2A Application, and they have unreasonably failed to perform that duty. Defendants' duty is owed under the INA and the federal regulations. *See* 8 U.S.C. § 1188(c); 20 C.F.R. §§ 655.140, 655.160; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is

one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it.").

43. The duty to adjudicate Plaintiff's H-2A Application is mandatory and is not within Defendants' discretion, as by statute and regulation the adjudication of a properly filed temporary labor certification application is a purely ministerial, non-discretionary act, which Defendants are bound to perform in a manner consistent with strict statutory and regulatory deadlines. *See* 8 U.S.C. § 1188(c); 20 C.F.R. §§ 655.140 – 655.143, 655.160; *see also Int'l Labor Mgmt. Corp. v. Perez*, No. 1:14-cv-00231, 2014 U.S. Dist. LEXIS 57803, *22 (M.D.N.C. 2014) ("This court concludes that the [H-2A temporary labor certification application] deadlines themselves are mandatory, not discretionary, allowing this court to compel the agency to act.") (internal quotation omitted). Defendants have failed to perform this duty.

44. Third, the Court should compel Defendants to adjudicate Plaintiff's long-pending H-2A Application, because no other adequate remedy is available. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. Despite Plaintiff's submission of all necessary documentation, including a full response to Defendant's Notice of Deficiency, and numerous inquiries, Exhs. B, E (email correspondence between Senator Carl Levin and Maria Fracassa Dwyer dated Mar. 24, 2016), Plaintiff's H-2A Application remains pending. Mandamus action is appropriate to remedy Defendants' inaction. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

45. Mandamus action is also appropriate because Defendants have unlawfully withheld agency action beyond statutory and regulatory deadlines. *See* 5 U.S.C. §555(b) (holding that courts shall "compel agency action unlawfully withheld"); *Forrest Guardians v. Babbitt*,

174 F.3d 1178, 1190 (10th Cir. 1998) (finding that when an agency fails to act by a "statutorily imposed deadline," the action has been "unlawfully withheld" and the court has no choice but to compel the agency to act); *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166 (9th Cir. 2002) (court must compel agency action when agency fails to comply with statutory deadline). Were such relief not available, Defendants could hold H-2A applications in abeyance in clear violation of Congress's articulated will.

46. Finally, Defendants' unlawful withholding of agency action is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's pending H-2A Application without further delay;

2. Enter a declaratory judgment that Defendants' unlawful withholding of agency action violates the Immigration and Nationality Act, the federal regulations, and the APA;

3. Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 30th day of March, 2016,

*By counsel,*    */s/ Maria Fracassa Dwyer*

Maria Fracassa Dwyer (P60946)
CLARK HILL PLC
500 Woodward Ave, Suite 3500
Detroit, MI 48226

T: 248.988.5899
F: 248.988.2339
E: mdwyer@clarkhill.com

Cynthia M. Filipovich (P53173)
CLARK HILL PLC
500 Woodward Ave, Suite 3500
Detroit, MI 48226
T: 313.965.8373
F: 313.309.6873
E: cfilipovich@clarkhill.com

Thomas K. Ragland
D.C. Bar No. 501021
601 Pennsylvania Avenue, NW
North Building, Suite 1000
Washington, DC 20004
T: 202.552.2360
F: 202.552.2384
E: tragland@clarkhill.com
*Application for admission pending*

Patrick Taurel
601 Pennsylvania Avenue, NW
North Building, Suite 1000
Washington, DC 20004
T: 202.772.0903
F: 202.772.0901
E: ptaurel@clarkhill.com
*Application for admission pending*

David E. Einstandig (P47344)
THAV GROSS PC
30150 Telegraph Road, Ste. 444
T: 248.645.8232
F: 248.220.1410
E: deinstandig@thavgross.com

*Counsel for the Plaintiff*